**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1100

———————

KADY-ANN COX,

Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY;
THOMAS NESTEL

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:21-cv-04542)
District Judge: Honorable Kelley B. Hodge

———————

Submitted under Third Circuit L.A.R. 34.1(a)
January 12, 2026

Before: MATEY, CHUNG, and AMBRO, <u>Circuit Judges</u>

(Opinion filed January 26, 2026)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Kady-Ann Cox worked as a police officer for the Southeastern Pennsylvania Transportation Authority (SEPTA). Her supervisor, Chief Thomas Nestel, terminated her employment in 2019. Cox, who is African American, alleges he terminated her because of her race. She asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. §§ 951-63, and 42 U.S.C. § 1983, for violations of her federal statutory rights under 42 U.S.C. § 1981 and her constitutional rights under the Equal Protection Clause of the Fourteenth Amendment. She brought claims against both SEPTA and Nestel.[1] The District Court for the Eastern District of Pennsylvania granted summary judgment for both defendants on all of Cox's claims. For the reasons that follow, we affirm.

**I**

In September 2019, Cox responded to a report that a person was causing a disturbance in a public area. She approached the suspect, Tysheona Howard, and grabbed her shoulder, intending to escort her elsewhere. In response, Howard hit Cox, setting off a fight between the two. Officers nearby quickly intervened. They pulled Howard away and surrounded her. Howard then spit at Cox and attempted to lunge at her. In response, Cox escalated the situation. She approached Howard and struck her, even though the officers had already pulled Howard away and created physical separation between her and Cox.

---

[1] She brings her Title VII claim solely against SEPTA. She names both defendants in her other claims.

SEPTA's Internal Affairs Unit investigated the incident. It interviewed Cox three times and determined that she may have lied during the investigation. It concluded that she violated four SEPTA policies involving both excessive force and dishonesty. The Police Board of Inquiry (PBI) upheld Internal Affairs' conclusions, noting that statements Cox made were "clearly inconsistent with the facts discovered during the investigation" and that she "lied . . . in her Internal Affairs interviews." App. 616. Chief Nestel stated that he terminated Cox based on the PBI's recommendation.

The Philadelphia District Attorney's Office (DAO) keeps a list of officers found to have made untruthful statements in internal investigations. Chief Nestel stated that officers on that list (the Officer Misconduct List) are barred from testifying in court. SEPTA informed the DAO about the PBI's findings, and it subsequently added Cox to the list, barring her from testifying. The District Court found that Cox was therefore unqualified to be an officer, precluding her from making out a prima facie employment discrimination case.[2] *Cox v. SEPTA*, 2024 WL 5227735, *6 (E.D. Pa. Dec. 26, 2024).

**II**[3]

We review the District Court's grant of summary judgment de novo. *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021). We must affirm if there

---

[2] The Court provided additional reasons for granting summary judgment. Because we otherwise affirm, we need not address those grounds as well.

[3] The District Court had jurisdiction over Cox's federal claims under 28 U.S.C. § 1331 and her state claims under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291.

is "no genuine dispute as to any material fact and the [defendants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Cox relies solely on indirect evidence to support her claim, attempting to show that SEPTA and Chief Nestel treated her differently than officers of different races who committed similar misconduct. Because she does not offer direct evidence of discrimination, we use the familiar framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to analyze her claims under Title VII, Sections 1981 and 1983, and the PHRA. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 425-26 (3d Cir. 2013) (explaining that the *McDonnell Douglas* framework governs Title VII claims where the plaintiff relies on indirect evidence); *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000) ("The analysis required for . . . [Cox's] claim under [the] PHRA is identical to a Title VII inquiry."); *Stewart v. Rutgers, The State Univ.*, 120 F.3d 426, 432 (3d Cir. 1997) (explaining that *McDonnell Douglas* applies to claims of racial discrimination under Sections 1981 and 1983). To prevail on any of her claims, Cox thus has the burden to make out a prima facie case of employment discrimination. *See Burton*, 707 F.3d at 426; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

We agree with the District Court that Cox cannot show that she was "qualified for the position in question," one of the elements of a prima facie case. *Burton*, 707 F.3d at 426. Cox's subjective qualifications for the position are "irrelevant" to that inquiry when

4

she otherwise fails to meet a "minimum requirement needed to hold [the] position." *Makky v. Chertoff*, 541 F.3d 205, 216 (3d Cir. 2008). Here, Chief Nestel stated in his deposition that being eligible to testify is a core responsibility of being a SEPTA police officer because otherwise "any arrests that [the officer] would make would be lost." App. 832. Cox's placement on the DAO's Police Misconduct List thus rendered her unqualified.

In *Makky*, we concluded that a plaintiff was unqualified to be a TSA agent because the agency suspended his security clearance. 541 F.3d at 216. Because that plaintiff did not dispute that his position required access to national security information, we found that he could not make out a prima facie case. In this case, Cox similarly did not dispute in the proceedings below that being able to testify was a minimum requirement to be a SEPTA officer. She devoted just a single sentence in her opposition brief to addressing the qualification issue, stating only that "she was hired as a police officer at SEPTA and therefore was qualified for the position." App. 690. But that says nothing of whether her placement on the Misconduct List affected her qualifications. The District Court was correct to find no genuine dispute of material fact on this point.[4]

---

[4] On appeal, Cox argues for the first time that being placed on the Misconduct List does not disqualify her in this context. And she further argues that SEPTA referring her to the DAO's office for placement on the Misconduct List was a separate discriminatory adverse employment action in and of itself, which, on her telling, ought to preclude us from considering whether it could disqualify her. We do not take up these new arguments because she failed to raise them before the District Court. *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 558 ("Theories not raised squarely [in the District Court] cannot be surfaced for the first time on appeal.").

\*　　\*　　\*

Cox cannot meet her burden to make out a prima facie case of employment discrimination. The District Court thus did not err in granting summary judgment for SEPTA and Chief Nestel. Accordingly, we affirm.